UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICK J. GABORIK,

    Plaintiff,

v.                                      Case No.:   2:18-cv-166-FtM-38MRM

KATHERINE TAYLOR-RAY, NAPLES
TRUCK RENTAL LLC, AA TRUCK
RENTAL LLC and LEHIGH ACRES
TRUCK RENTAL LLC,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Before the Court is the parties' Joint Motion for Approval of Settlement Agreement, filed on October 9, 2019. (Doc. 53). The parties previously filed their Joint Motion for Approval of Settlement Agreement on September 24, 2019. (Doc. 51). Upon preliminary review, it was apparent that only Defendants had executed the settlement agreement in the first filing. (Doc. 51-1 at 5-6). Therefore, the Undersigned ordered the parties to supplement their Joint Motion with a copy of the fully executed settlement agreement. (Doc. 52). Accordingly, the parties filed their fully executed Joint Motion for Approval of Settlement Agreement signed by all parties. (Doc. 53-1 at 5-6). Plaintiff Patrick Gaborik and Defendants Katherine Taylor-Ray, Naples Truck Rental, LLC, AA Truck Rental, LLC, and Lehigh Acres Truck Rental, LLC request the Court approve the terms of their proposed settlement of the Fair Labor Standards Act ("FLSA") claims in this case. The proposed Settlement Agreement is attached to the parties' Motion. (Doc. 53-1). After careful review of the parties' Motion and the court file, the Undersigned respectfully **RECOMMENDS** that the presiding United States District Judge **APPROVE** the proposed settlement.

## **LEGAL STANDARD**

To approve the settlement of FLSA claims, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216. There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id*. When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit has found settlements to be permissible when employees bring a lawsuit under the FLSA for back wages. *Id.* at 1354. The Eleventh Circuit held:

> [A lawsuit] provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

## SUMMARY OF THE ALLEGATIONS AND ISSUES

A brief summary of the allegations and issues in this case is helpful. Defendant Ms. Ray-Taylor managed Lehigh Acres Truck Rental ("Lehigh Acres"), AA Truck Rental ("AA"), and Naples Truck Rental ("Naples"). (Doc. 19 at 2). Plaintiff "worked at all three locations when necessary." (Doc. 15 at 5). Plaintiff's Amended Complaint alleges "Defendant[s] willfully and maliciously failed to pay Plaintiff his lawfully earned overtime wages." (*Id.* at 6).

The parties dispute Plaintiff's employment status and whether he is exempt from the FLSA's overtime requirements. Plaintiff argues he "sometimes had the title of manager at the Naples location" but he "did not participate in and management [sic] decisions, and was only given that title to avoid paying overtime wages." (*Id.* at 7). While the Complaint fails to set forth the exact number of hours Defendants allegedly owe Plaintiff for overtime wages, "in an effort to settle this matter Plaintiff's counsel delivered to Defendants a demand letter requesting $50,000.00 in unpaid wages and attorney's fees." (Doc. 15 at 8). Defendants deny these allegations and assert several Affirmative Defenses. (Doc. 19). The Undersigned now turns to the proposed settlement.

## ANALYSIS OF THE PROPOSED SETTLEMENT

### I. There Is a Bona Fide Dispute.

As a threshold matter, the Undersigned finds that a bona fide dispute exists between the parties. The Joint Motion explains:

> Plaintiff was the only employee at the site, and therefore ran the site on his own. Plaintiff was, at all times, paid a salary and treated as an exempt employee. Plaintiff alleges that he was not an exempt employee, and that he was therefore entitled to overtime pay for all hours worked over forty (40) in any workweek.
>
> In addition to the controversy involving Plaintiff's exempt status, this case also involves issues pertaining to enterprise coverage. Based upon the tax returns of Naples Truck Rental, enterprise coverage would not apply. Plaintiff sought to allege that Naples

3

> Truck Rental and the other Defendants would constitute a 'joint enterprise,' and that therefore their revenues could be combined in order to satisfy the enterprise coverage. Even if all three entities revenues were combined, however, the enterprise coverage test would not be satisfied.

(Doc. 53 at 2). For all these reasons, it is clear that the parties dispute the material facts of Plaintiff's FLSA claim. Thus, the question becomes whether the terms of the proposed settlement are fair and reasonable. The Undersigned addresses the monetary terms, the attorneys' fees, and the release below.

## II.     The Monetary Settlement Is Persuasive, Fair, and Reasonable.

As previously mentioned, Plaintiff requested $50,000.00 in unpaid wages and attorneys' fees. (Doc. 15 at 8). Under the proposed Settlement Agreement, however, Defendants will pay Plaintiff a total sum of $6,000, comprised of $3,000 for unpaid overtime and $3,000 for liquidated damages. (Doc. 53-1 at 2). Notwithstanding the sum being substantially less than what Plaintiff first requested, the Undersigned finds it to be reasonable considering the representations in the joint motion concerning the relative weakness of Plaintiff's case.

There is "still an issue regarding Plaintiff's ability to recover time and a half for all hours worked over forty (40) in any workweek." (Doc. 53 at 3). Calculating damages according to "the fluctuating work week method, set forth in 29 C.F.R. § 778.114. . . Plaintiff would only be entitled to one-half of his hourly rate for every hour in excess of forty that was worked." (*Id.*). This would substantially reduce his damages. (*Id.* at 3-4).

The Undersigned finds the parties' explanation of the discrepancy between Plaintiff's first request and the amount he will accept in the Settlement Agreement to be persuasive, fair, and reasonable. Thus, the Undersigned finds that the proposed monetary terms of the settlement are a fair and reasonable resolution of the bona fide dispute in this case.

4

### III.     The Parties Negotiated Attorneys' Fees Separate From Plaintiff's Damages.

Separate from the $6,000 in unpaid wages and liquidate damages "Defendants will also pay $4,000 to Plaintiff's counsel to compensate for attorneys' fees and costs." (Doc. 53 at 4). The Joint Motion states, "the amount of attorneys' fees was negotiated apart from, and subsequent to, agreement on the amount of settlement funds to be paid to Plaintiff." (*Id.*).

As explained in *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." In *Bonetti*, the Court concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

715 F. Supp. 2d at 1228.

Here, the parties negotiated the amount Defendants would pay Plaintiff before they negotiated his counsel's compensation. (Doc. 53 at 4). The attorneys' compensation is not a percentage of, or tied to, Plaintiff's unpaid wages and liquidated damages. There is "no correlation between the amount of monetary consideration being paid to Plaintiff and the amount of attorneys' fees and costs being paid by Defendants on Plaintiff's behalf." (*Id.* at 6).

Therefore, the Undersigned finds that the fees Defendants will pay Plaintiff's attorneys do not affect the damages Defendants will pay Plaintiff and are otherwise fair and reasonable.

Finally, the Undersigned examines the Plaintiff's release of claims.

### IV.    The Proposed Release of Claims Is Not a General Waiver, and Is Otherwise Fair and Reasonable.

The parties' Settlement Agreement contains a Full and Final Release of Claims.  (Doc. 53-1 at 3).  The release provides:

> Subject to the terms of this Agreement, and in consideration of the payments and mutual promises set forth herein and other valuable consideration, the Employee . . . hereby fully RELEASES and FOREVER DISCHARGES the Defendants . . . from any and all rights, remedies, claims, actions, promises, causes of action, suits, attorney's fees, and/or demands, of any kind or description . . . known or unknown, foreseen or unforeseen . . . which the Employee has or may have . . . **arising out of, relating to, connected with, and/or reflected in the Litigation, and/or the claims asserted with respect to the Litigation and/or any conduct or events arising or relating directly or indirectly from or to the same, including specifically but not limited to, any claims that he was not properly compensated for work performed, or that his time was not accurately recorded, or that he was owed any work-related expenses (collectively, the 'Released Subject Matter')** . . . **or which Employee may now or hereafter have against Defendants** . . . **by reason of any matter, act, omission, cause, or event** . . . **relating to, arising under, connected with or reflected in the Released Subject Matter.**

(Doc. 53-1 at 3) (emphasis added).

This Court has found that general releases in FLSA cases are often unfair to plaintiffs. *See Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010).  "Although inconsequential in the typical civil case (for which settlement requires no judicial review), an employer is not entitled to use an FLSA claim (a matter arising from the employer's failing to comply with the FLSA) to leverage a release from liability unconnected to the FLSA."  *Id.*

Here, the Undersigned construes the release as a specific waiver and not a general waiver the FLSA cautions against.  From the language above, the Undersigned is satisfied that Plaintiff is foregoing only those claims which he has, or may have, relating to his immediate FLSA

6

action; he is not waiving his right to other, non-FLSA related claims.  Thus, the Full and Final Release of Claims is fair and reasonable.

Upon consideration of all the foregoing, the Undersigned finds and recommends that the proposed settlement in this case is fair and reasonable and the Court should approve the proposed settlement.

## CONCLUSION

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** the following:

1. The second-filed Joint Motion for Approval of Settlement Agreement (Doc. 53) be **GRANTED**.

2. The first-filed Joint Motion for Approval of Settlement Agreement (Doc. 51) be **DENIED AS MOOT**.

3. The Settlement Agreement and Full and Final Release of Claims (Doc. 53-1) be approved by the Court as a fair and reasonable resolution of the parties' bona fide dispute under the FLSA.

4. If the presiding District Judge adopts this Report and Recommendation, then the Clerk of Court should be directed to dismiss this action with prejudice, terminate all pending motions, and close the file.

Respectfully recommended in Chambers in Fort Myers, Florida on November 30, 2019.

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties